UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SHAWN MCMULLIN,                        )
                                       )
                   Petitioner,         )
                                       )
        v.                             )        No. 2:23-cv-00440-JPH-MJD
                                       )
FRANK VANIHEL WVCF Warden,             )
                                       )
                   Respondent.         )

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Shawn McMullin's petition for a writ of habeas corpus seeks relief from his convictions and sanctions in four prison disciplinary cases in which he was found guilty of disorderly conduct, battery, and two counts of attempted battery. For the following reasons, his petition is **denied**, and this action is **dismissed with prejudice**.

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some

evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceedings

Mr. McMullin filed his petition under 28 U.S.C. § 2254, challenging four prison disciplinary convictions resulting from an incident in March 2023. Dkt. 1. The prison summarized the video of the incident, which is consistent with the video that Respondent submitted ex parte:

> Video shows offender McMullin, Shawn #271293 push the pod door open and strike Officer L. Nevings with a closed fist on her head and face area. [Mr.] McMullin pulls Officer Nevings to the floor. Officer Nevings lands on top of [Mr.] McMullin. [Mr.] McMullin kicks Officer Nevings on the back of her head 4 times then strikes her with a closed fist on her head and face area. Two other offender[s] move in and restrain [Mr.] McMullin while a third offender helps Officer Nevings to her feet. Other staff arrive on the scene and put [Mr.] McMullin in restraints. [Mr.] McMullin is then escorted out of the unit. As [Mr.] McMullin was being escorted on the walk he turned and attempted to headbutt Sgt. H. Smith. [Mr.] McMullin was placed on the ground where he is seen resisting staff and attempted to kick Sgt. Ndiaye 3 times. [Mr.] McMullin is put on his feet and escorted up the walk. Once they were in checkpoint D, [Mr.] McMullin drooped to the floor by the stairs, resisting staff and had to be picked up and carried up [the] stairs.

Dkt. 19-1 at 6. The individual disciplinary cases are:

- NCF 23-03-0113. Mr. McMullin found guilty of A-111/117, attempted battery against staff, and the sanctions were a 45-day loss of commissary and phone privileges, a three-month assignment to disciplinary restrictive housing, a 90-day loss of good-time credit, and a one-step demotion in credit class. Dkt. 19-1.

- NCF 23-03-0114. Mr. McMullin found guilty of B-235, disorderly conduct, and the only sanction was a 30-day loss of commissary and phone privileges. Dkt. 19-2.

- NCF 23-03-0115. Mr. McMullin found guilty of A-111/117, attempted battery on staff, and the sanctions were a 45-day loss of commissary and phone privileges, a three-month assignment to disciplinary restrictive housing, and a five-day loss of good-time credit. Dkt. 19-3.

- NCF 23-03-0116. Mr. McMullin found guilty of A-117, battery on staff, and the sanctions were a 45-day loss of commissary and phone privileges, a six-month assignment to disciplinary restrictive housing, restitution of up to $2,000 for staff's broken glasses, a 180-day loss of good-time credit, and a one-step demotion in credit class. Dkt. 19-4.[1]

**Case No. NCF 23-03-0113**

On March 27, 2023, Lt. T. Temple wrote a conduct report charging Mr. McMullin with violating A-111/117, attempted battery against a staff person:

> On March 27, 2023 I, Lt. T. Temple, conducted a camera review after a Signal 10 was called. I observed Offender McMullin on the ground outside of A & B-units on the northside walk attempt to kick Sgt. E. Ndiaye approximately 4 times. None of the kick were suscessfull and Sgt. Ndiaye did not receive any injury.

Dkt. 19-1 at 1 (original errors).

Mr. McMullin was notified of the charge and given copies of the conduct report and the notice of disciplinary hearing (screening report). Dkt. 19-1 at 2. Mr. McMullin pleaded not guilty and did not request any witnesses or physical evidence. *Id.* The screening report shows that Mr. McMullin was assigned mental health code A, which means he was "[f]ree of functional behavioral health impairment in the current living environment; individuals with short-term, self-limiting condition requiring minimal behavioral health intervention limited to thirty days' duration." Dkt. 19-1 at 2; dkt. 19-7 at 1.

---

[1] Respondent argues that Mr. McMullin failed to exhaust his administrative remedies, but the Court chooses to consider the claims on the merits rather than review the issue of exhaustion. *See Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018).

The disciplinary hearing officer (DHO) reviewed the video that was the basis of the conduct report and provided the following summary, in relevant part:

> As McMullin was being escorted on the walk he turned and attempted to headbutt Sgt. H. Smith. McMullin was placed on the ground where he is seen resisting staff and attempted to kick Sgt. Ndiaye 3 times.
>
> McMullin is put on his feet and escorted up the walk. Once they were in checkpoint D McMullin drooped to the floor by the stairs, resisting staff and had to be picked up and carried up to stairs.
>
> Camera does not record audio.

Dkt. 19-1 at 6 (original errors; paragraphs added).

The Court's *in camera* review of the video is consistent with the DHO's report.

The DHO held the disciplinary hearing in case NCF 23-03-0113 on April 3, 2023. Dkt. 19-1 at 5. Mr. McMullin's statement was, "I was trying to get away. This is resisting. He tried to trip me on the walk. I flipped out. I took them to the mud." *Id.*

The DHO considered staff reports, Mr. McMullin's statement, and the video evidence in finding Mr. McMullin guilty of A-111/117, attempted battery on staff. *Id.* The DHO imposed sanctions that included a 90-day loss of good-time credit and a one-step demotion in credit class. *Id.*

**Case No. NCF 23-03-0114**

For this proceeding, the sanctions did not alter the duration of Mr. McMullin's sentence. He was sanctioned only with the loss of privileges. If a habeas petition does not attack the fact or duration of the petitioner's sentence,

it does not state a viable basis for relief. *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). Typically, in the context of prison disciplinary proceedings, this means that to be considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). Any claim challenging this disciplinary proceeding is **dismissed.**

**Case No. NCF 23-03-0115**

On March 27, 2023, Sgt. Smith wrote a conduct report charging Mr. McMullin with violating A-111/117, attempted battery against a staff person:

> On the above date and approximate time [March 27 at 1:32 p.m.] I, Sgt. Smith was escorting Offender McMullin, Shawn #271293 to outpatient from B-unit. When outside on the walk between A-unit and B-unit on the northside walk Offender McMullin attempted to headbutt me in the face. The headbutt was not successful and I, Sgt. Smith was not injured.

Dkt. 19-3 at 1 (original errors).

Mr. McMullin was notified of the charge and given copies of the conduct report and the notice of disciplinary hearing (screening report). *Id.* at 2. Mr. McMullin pleaded not guilty and did not request any witnesses or physical evidence. *Id.* The screening report shows Mr. McMullin was assigned mental health code A. Dkt. 19-3 at 2; dkt. 19-7 at 1.

The DHO reviewed the video that was the basis of the conduct report and provided the same summary as was provided in case NCF 23-03-0113. Dkt. 19-3 at 6. In relevant part, that summary stated:

As McMullin was being escorted on the walk he turned and attempted to headbutt Sgt. H. Smith.

Dkt. 19-3 at 6.

The Court's *in camera* review of the video footage is consistent with the DHO's report.

The DHO held the disciplinary hearing in case NCF 23-03-0115 on April 3, 2023. Dkt. 19-3 at 5. Mr. McMullin's statement was, "I threw my whole body not just my head away from them." *Id.* The DHO considered staff reports, Mr. McMullin's statement, and the video evidence and found Mr. McMullin guilty of A-111/117, attempted battery on staff. *Id.* The DHO imposed sanctions that included a five-day loss of good-time credit. *Id.*

### Case No. NCF 23-03-0116

On March 27, 2023, Lt. T. Temple wrote a conduct report charging Mr. McMullin with violating A-117, battery against a staff person:

> On March 27, 2023 I, Lt. T. Temple, conducted a camera review of BUnit hallway after a Signal 10 was called. I observed Offender McMullin push the B-Unit pod 4 door open and strike Officer L. Nevings in the face with 4 closed fist strikes, breaking her eye glasses. Off. McMullin grabbed some of Ofc. Nevings hair and pulled it out. Once on the floor, I observed Off. McMullin kick Ofc. Nevings with his heal approxiamtly 5 times, hitting her in the back of the head and upper torso. Ofc. Nevings was sent to a local clinic for further evaluation and treatment. End of Report-

Dkt. 19-4 at 1 (original errors).

The screening officer notified Mr. McMullin of the charge and provided him with a copy of the conduct report and the notice of disciplinary hearing (screening report). Dkt. 19-4 at 2. Mr. McMullin pleaded not guilty and did not

6

request any witnesses or physical evidence. *Id.* The screening report shows Mr. McMullin was assigned mental health code A. Dkt. 19-4 at 2; dkt. 19-7 at 1.

The DHO reviewed the video that was the basis of the conduct report and provided the same summary as was provided in cases NCF 23-03-0113 and -0115. Dkts. 19-1 at 6; 19-3 at 6. That summary, in relevant part, states:

> Video shows offender McMullin, Shawn #271293 push the pod door open and strike Officer L. Nevings with a closed fist on her head and face area. McMullin pulls Officer Nevings to the floor. Officer Nevings lands on top of offender McMullin. Offender McMullin kicks Officer Nevings on the back of her head 4 times then strikes her with a closed fist on her head and face area.
>
> Two other offender move in and restrain McMullin while a third offender helps Officer Nevings to her feet. Other staff arrive on the scene and put McMullin in restraints. McMullin is then escorted out of the unit.

Dkt. 19-1 at 6 (original errors; paragraphs added).

The Court's *in camera* review of the video is consistent with the DHO's report.

The DHO held the disciplinary hearing in case NCF 23-03-0116 on April 3, 2023. Dkt. 19-4 at 5. Mr. McMullin's statement was, "I don't remember going after her. Last thing I remember I was in the pod then I remember being in the hallway on the ground. I am off my meds." *Id.* The DHO considered the conduct report, Mr. McMullin's statement, the video evidence, photos, and the SIR report and found Mr. McMullin guilty of A-117, battery on staff. *Id.* The DHO sanctioned Mr. McMullin with sanctions that included up to $2,000 restitution for the

broken glasses when the bill comes in, a 180-day loss of good-time credit, and a one-step demotion in credit class. *Id.*

### III. Discussion

The Court construes Mr. McMullin's claims as follows: 1) his mental health issues should have been considered in all the proceedings; and 2) there was insufficient evidence to support the guilty finding and restitution order for the officer's glasses in NCF 23-03-0116. Dkt. 1 at 3.[2]

### A. Mental Health Consideration

Mr. McMullin first alleges that he suffers from a wide range of mental impairments. He argues that a mental health provider decided to take him off his psychotropic medications. This was not his decision. He contends that this created an adverse reaction. The problem Mr. McMullin faces with this claim is that the procedural guarantees set forth in *Wolff* may not be expanded by the lower courts. *See White v. Ind. Parole Bd.,* 266 F.3d 759, 768 (7th Cir. 2001) (The Supreme Court has "warn[ed] the courts of appeals not to add to the procedures required by *Wolff*"). "Mentally ill inmates are not constitutionally guaranteed heightened procedural protections" in disciplinary proceedings. *James v. Pfister*, 708 F. App'x 876, 879 (7th Cir. 2017). In other words, the fact that he was taken off his medications does not change the due process analysis for the Court. There

---

[2] To the extent Mr. McMullin raises additional claims in his reply brief, dkt. 33, the Court will not consider those claims because new arguments may not be raised for the first time in a reply. They are waived. *Eberhardt v. Walsh,* 112 F.4th 681, 687 n. 4 (7th Cir. 2024); *Darif v. Holder*, 739 F.3d 329, 336 (7th Cir. 2014).

is no requirement that inmates who suffer from mental health illness should receive additional due process protections.

To the extent Mr. McMullin bases this claim on Indiana Department of Correction policy, a violation of such policy does not support federal habeas relief. Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable in this habeas action. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008).

And to the extent Mr. McMullin argues that his mental health situation prevented him from presenting evidence, that argument also cannot support relief. Mr. McMullin is himself responsible for requesting evidence, but he did not do so. *See, e.g.*, *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002) (holding that a request for evidence is timely if it is made "either before or at the hearing"). Again, "[m]entally ill inmates are not constitutionally guaranteed heightened procedural protections," so there was no procedural requirement that the prison formally evaluate his mental competency before the disciplinary hearings. *James*, 708 F. App'x at 879.

### B.  Some Evidence

Mr. McMullin's second argument applies only to NCF 23-03-0116. He argues that he never broke the officer's glasses on purpose and so he should not have to pay restitution for them. The Court construes this as a challenge to the sufficiency of the evidence.

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (internal quotation omitted).

Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Id.* This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

Mr. McMullin was found guilty of A-117, battery on staff. Dkt. 19-4 at 5. He does not remember striking Officer Nevings. And, as noted above, he alleges that he did not hit her or break her glasses on purpose. "Battery" is defined as

"[k]nowingly or intentionally touching another person in a rude, insolent, or angry manner." Dkt. 19-6 at 3. Whether Mr. McMullin remembers the assault or not, the conduct report describes and the video evidence shows Mr. McMullin following Officer Nevings through a door to the pod, striking her four times in the face, breaking her glasses, and then kicking her in the head and torso. The evidence satisfies the applicable standard and supports a finding that Mr. McMullin knowingly *and* intentionally "touched" (hit) the officer. Any challenge to the sufficiency of the evidence in this case fails.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Mr. McMullin to the relief he seeks. Accordingly, Mr. McMullin's petition for a writ of habeas corpus must be **denied** and the action **dismissed.** Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 4/27/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SHAWN MCMULLIN
271293
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
ben.jones@atg.in.gov